**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **JOSHUA RUBIN, on behalf of himself and all others similarly situated,**<br><br>**Plaintiff,**<br>v.<br><br>**STAPLES, INC.,**<br><br>**Defendant.** | Civ. No. 2:25-15515 (WJM)<br><br>**OPINION** |

This is a putative class action filed by Plaintiff Joshua Rubin ("Plaintiff") on behalf of recipients of unsolicited marketing text messages from Defendant Staples, Inc. ("Defendant" or "Staples") for violations of the Telephone Consumer Protection Act of 1991 ("TCPA"), 47 U.S.C. § 227 *et seq.* Staples moves to dismiss Plaintiff's Third Amended Complaint ("TAC") pursuant to Fed. R. Civ. P. Rule 12(b)(1). ECF No. 38. The Court decides the motion without oral argument pursuant to Fed. R. Civ. P. 78(b). Having carefully considered the parties' submissions, Defendant's motion to dismiss is **denied**.

## I. BACKGROUND

The TCPA addresses "residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1). "Telephone solicitation" excludes calls or messages made "to any person with that person's prior express invitation or permission." § 227(a)(4). Plaintiff contends that within the last four years, Staples, without his consent, sent to his cell phone, which he uses as his residential phone, "numerous" text messages trying to sell items such as paper or ink at a discount. TAC, ¶¶ 8-10, 13, 15, ECF No. 31. On at least five separate occasions starting in January 2025, in response to different text messages, Plaintiff claims he replied to Staples with the word "stop," but Defendant continued its "solicitation text message campaign." *Id.* ¶¶ 18-19. Count I alleges that Staples failed to keep an internal do-not-call ("DNC") list or otherwise comply with implementing regulations, 47 C.F.R. § 64.1200(d)(1)-(6). *Id.* ¶¶ 45-47. In Counts II and III, Plaintiff asserts that despite having registered his cellular number on the national DNC registry, Staples sent two text solicitation messages to his cellular number in violation of 47 U.S.C. § 227(c)(3)(F) and 47 C.F.R. § 64.1200(c). *Id.* ¶¶ 28, 52, 57. For each violation, Plaintiff seeks statutory damages and treble damages pursuant to 47 U.S.C. § 227(c)(5). *Id.* ¶¶ 48-49, 53-54, 58-59. Plaintiff asserts allegations on behalf of two classes – 1) those with internal DNC list and procedure violation claims; and 2) those with national DNC registry violation claims. *Id.* at ¶ 32.

Staples moves to dismiss for lack of standing arguing that Plaintiff gave his consent to receive recurring automated promotional and personalized text messages and therefore, his alleged injuries are not traceable to Staples's conduct.

## II. DISCUSSION

### A. Rule 12(b)(1) Motion to Dismiss Standard

Federal Rule of Civil Procedure 12(b)(1) is the proper vehicle for challenging Article III standing, which is a component of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1); *see Society Hill Towers Owners' Ass'n v. Rendell*, 210 F.3d 168, 175 (3d Cir. 2000). Article III of the Constitution limits the jurisdiction of federal courts to "Cases" and "Controversies." U.S. Art. III § 2. "Challenges to subject matter jurisdiction under Rule 12(b)(1) may be facial or factual." *Common Cause of Pennsylvania v. Pennsylvania*, 558 F.3d 249, 257 (3d Cir. 2009) (citations omitted). In reviewing a factual attack, which Staples presents here, a court may consider and weigh evidence outside the pleadings; no presumptive truthfulness attaches to the plaintiff's allegations. *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000); *Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016); *see also Doherty v. Rutgers School of Law-Newark,* 651 F.2d 893, 898, n.6 (3d Cir. 1981) (noting trial court may consider affidavits or even conduct preliminary evidentiary hearing to determine standing). A court may "make findings of fact that contradict the allegations in the complaint, at the very outset of litigation, before any discovery has taken place." *Davis*, 824 F.3d at 350, n.18; *Hartig Drug Co. Inc. v. Senju Pharm. Co.*, 836 F.3d 261, 268 (3d Cir. 2016) ("[A] factual 12(b)(1) challenge attacks allegations underlying the assertion of jurisdiction in the complaint, and it allows the defendant to present competing facts."). "[D]ismissal via a Rule 12(b)(1) factual challenge to standing should be granted sparingly." *Davis*, 824 F.3d at 350. The party invoking federal court jurisdiction bears the burden of proof. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016), *as revised* (May 24, 2016); *Animal Sci. Prod., Inc. v. China Minmetals Corp.*, 654 F.3d 462, 470 (3d Cir. 2011).

### B. "Fairly Traceable"

Plaintiff must "clearly ... allege facts demonstrating" all three elements of constitutional standing: (1) an "injury in fact," (2) that is "fairly traceable" to a defendant's conduct, and that (3) is likely to be redressed by favorable judicial intervention. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). Here, Staples challenges standing only under the second prong. Traceability requires the plaintiff to establish that "the defendant's challenged actions, and not the actions of some third party, caused the plaintiff's injury." *Toll Bros. v. Twp. of Readington*, 555 F.3d 131, 142 (3d Cir. 2009) (citing *Lujan,* 504 U.S. at 560)). The required causal connection is "akin to but-for causation, not proximate causation." *Adam v. Barone*, 41 F.4th 230, 235 (3d Cir. 2022). At the pleading stage, the burden of establishing causation is "less stringent" and "may be satisfied even if the plaintiff alleges an indirect (or multistep) causal relationship between the defendant's

conduct and her injury." *LaSpina v. SEIU Pennsylvania State Council*, 985 F.3d 278, 287 (3d Cir. 2021). "[A]n indirect causal relationship will suffice," so long as plaintiff clearly alleges facts showing a "fairly traceable connection" between the alleged injury and the alleged conduct of the defendant being challenged. *Toll Bros.*, 555 F.3d at 142; *LaSpina*, 985 F.3d at 287.

Staples asserts that Plaintiff cannot establish that his injury was "fairly traceable" to any alleged internal and national DNC violations because Plaintiff received texts from Staples due to his own affirmative consent to receive those marketing messages. Staples submits a declaration stating that Plaintiff visited Staples.com on July 7, 2022 and entered his telephone number for a $15 off discount and "agree[d] to receive recurring automated promotional and personalized marketing text messages (e.g., cart reminders) from Staples at the cell number used when signing up." Nicole Zern Decl. ¶ 5, Ex. A, ECF No. 38-2, 38-3. Staples then sent the following message to Plaintiff's phone number ending in 3515 ("3515 Number"): "Staples: Reply Y to subscribe to recurring automated personalized marketing alerts (e.g., cart reminders) from Staples." *Id* ¶ 6. By texting a response of "Y" to Staples, Plaintiff completed the double opt-in process. *Id.* Staples claims it has no record of receiving a "STOP" opt-out text message from the 3515 Number until July 16, 2026. *Id.* ¶¶ 7-8. Plaintiff disputes Staples's version of facts and submits screenshots of his phone showing responses of "stop" to Staples's marketing text messages. Pl. Decl. ¶ 2, Ex. A, ECF No. 41-1. He also challenges Staples' reliance on a declaration rather than actual documentary records. *See* Fed. R. Evid. 1002 ("An original writing, recording, or photograph is required in order to prove its content unless these rules or a federal statute provides otherwise.").

The Court need not resolve these evidentiary or factual issues because even if Plaintiff contributed to his own injury, an injury is still "fairly traceable" to the defendant unless the injury "is so completely due to the plaintiff's own fault as to break the causal chain." 13A *Wright & Miller's Federal Practice & Procedure* § 3531.5 Causation (3d ed. 2008); *see Adam*, 41 F.4th at 235-36 (noting that while the plaintiff's actions were a but-for cause of her own injury, "[t]here may be more than one but for cause of a loss." (citation modified)). Because Staples allegedly sent the text messages at issue, the Court cannot conclude that Plaintiff's consent, particularly where Plaintiff purports to have revoked his consent, so completely severed the causal connection that his injuries are not even indirectly traceable to Defendant. *See, e.g., Tel. Sci. Corp. v. Asset Recovery Sols., LLC*, No. 15-5182, 2016 WL 4179150, at *6 (N.D. Ill. Aug. 8, 2016) (finding that the plaintiff's alleged injuries "were not entirely self-caused" and thus "fairly traceable" to the defendant because "[n]o injury would have occurred absent the phone calls initiated by the defendant even where the plaintiff's decision to subscribe to troubled phone numbers—while likely increasing the probability of an injury— did not itself cause the injury in question." (citation modified); *Drake v. FirstKey Homes, LLC*, 439 F. Supp. 3d 1313, 1325 (N.D. Ga. 2020) ("[Plaintiff's] ostensible contribution to her injury does not deprive her of standing."). *See also* 13A *Wright & Miller's Federal Practice & Procedure* § 3531.5

Causation (3d ed. 2008) ("So long as the defendants have engaged in conduct that may have contributed to causing the injury, it would be better to recognize standing or to deny it on grounds apart from causation.").

Indeed, whether the texts that Plaintiff received were because of Staples's alleged internal and national DNC violations is a merits question involving a factual dispute to be addressed in discovery. Likewise, to the extent the parties seek to resolve factual disputes regarding the purported transmission of the Stop text messages, Staples considers consent to be a "critical issue of *liability*," *see* Def. Reply Br. at 9, ECF No. 44, that can also be explored during normal discovery.

Even if consent, which is an affirmative defense,[1] ultimately shields Staples from liability under the TCPA, Plaintiff is not deprived of standing to sue. *See Davis*, 824 F.3d at 348 ("We have repeatedly cautioned against allowing a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction to be turned into an attack on the merits."). *See, e.g., Doyle v. GoHealth, LLC*, No. 22-04291, 2023 WL 3984951, at *3 (D.N.J. Mar. 30, 2023) (deciding there was "enough to support standing" even if the allegations may not be sufficient to eventually establish liability for lack of causation); *Fleming v. Associated Credit Servs., Inc.*, 342 F. Supp. 3d 563, 568, n.3, 570 (D.N.J. 2018) (finding plaintiff's receipt of unwanted calls from defendant constituted concrete injury to confer standing but not reaching merits of defense that plaintiff consented to receive calls because summary judgment was granted on other grounds); *Beyond Sys., Inc. v. Kraft Foods, Inc.*, 777 F.3d 712, 716 (4th Cir. 2015) (concluding that the plaintiff had Article III standing, but was barred from recovery under state anti-spam laws because it had consented to the harm).

## III. CONCLUSION

For the reasons noted above, Defendant's Rule 12(b)(1) motion to dismiss for lack of standing is **denied**.

WILLIAM J. MARTINI, U.S.D.J.

October 26, 2026

[1] *See Leyse v. Bank of Am. Nat. Ass'n*, 804 F.3d 316, 327 (3d Cir. 2015) ("The caller may invoke the consent of the 'called party' as a defense" to liability); *Owen-Brooks v. Better Homes & Gardens Real Est., LLC*, No. 25-15801, 2026 WL 2455150, at *4 (D.N.J. Aug. 21, 2026) ("Consent is an affirmative defense in a TCPA claim.").